UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-25 (4)(8) (LMP/DLM)

| | |
|---|---|
| United States of America<br><br>*Plaintiff*,<br><br>v.<br><br>Don Renaldo Lemon (4), and<br>Georgia Ellyse Fort (8),<br><br>*Defendants*. | **DON LEMON AND GEORGIA FORT'S JOINT MOTION FOR EXPEDITED BRIEFING ON MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS** |

### INTRODUCTION

On January 18, 2026, Mr. Lemon and Ms. Fort reported on a protest at the Cities Church in St. Paul, Minnesota. Amid pressure from the highest levels of the Administration, and following irregular legal maneuvering, the government rushed to indict and arrest these journalists. In light of these irregularities, Mr. Lemon and Ms. Fort moved for disclosure of the grand jury transcripts, arguing that the grand jury materials should not be protected from disclosure by a presumption of regularity where nothing about this case has been regular. Rather, the indictment of Mr. Lemon and Ms. Fort seems designed to punish the Administration's political enemies and chill journalists everywhere.[1]

---

[1] These concerns are not speculative. The administration's punitive actions against journalists have continued apace all while the presumption of regularity has further collapsed. For instance, in January 2026, the government raided the home of a Washington Post reporter and seized multiple devices, but it failed to alert the judge who issued the warrant about the Privacy Protection Act, 42 U.S.C. §§ 2000aa *et seq.*, a law that limits search warrants for journalistic work product. *See* Charlie Savage, *U.S. Failed to Alert Judge to Press Law in Application to Search Reporter's Home*, N.Y. Times (Feb. 2, 2026), https://www.nytimes.com/2026/02/02/us/politics/doj-press-law-

1

The prompt determination of this motion matters. The requested grand jury materials are likely to shape and impact the forthcoming motions to dismiss that Mr. Lemon and Ms. Fort will bring. There is no reason that the government—which has stated it will spare no resource in prosecuting these defendants and, indeed, added a *sixth* federal prosecutor to the docket just this morning—cannot respond to this simple motion, and every practical reason that this issue be litigated ahead of the dispositive motions.

Despite its rush to indict Ms. Fort and Mr. Lemon (and refusal to allow Mr. Lemon to self-surrender through counsel), the government now intends to slow the case down by extending the discovery and motions deadlines. But a case that challenges a reporter's ability to do his or her job should not linger one day longer than legitimately necessary. Sequencing the grand jury materials motion first makes all the practical sense in the world.

On February 20, 2026, Mr. Lemon and Ms. Fort filed their Joint Motion for Disclosure of Grand Jury Transcripts (the "Grand Jury Motion"). ECF 125. While such requests have historically been "afforded a strong presumption of regularity," *United States v. Kouba*, 822 F.2d 768, 774 (8th Cir. 1987), the government is not entitled to such a presumption here. To the contrary, the record before this Court paints a picture of stunning and unremitting irregularity. Requests by defendants for disclosure of grand jury transcripts under Federal Rule of Criminal Procedure 6(e) "are rarely granted," as "a

---

warrant-application-washington-post-journalist.html. As a result, the judge rescinded the part of the warrant authorizing access to the devices or review any of the seized data, and ordered the government to return information "outside the limited information authorized by the search warrant." Mem. Opinion and Order at 22, ECF 62, *In re Matter of Hannah Natanson*, Case No. 1:26-sw-00054-WBP (E.D. Va. Feb. 24, 2026). The judge reasoned, among other things, that the government had abused the presumption of regularity by failing to alert him to the PPA. *Id.* at 10.

2

defendant often can make the necessary showing only with the aid of the materials he seeks to discover." *United States v. Mechanik*, 475 U.S. 66, 80 (1986) (Marshall, J., dissenting). Yet, what comes before this Court is one of those rare cases. The February 26 superseding indictment (ECF 144) and flurry of thirty additional defendants should not distract from the simple fact that Mr. Lemon and Ms. Fort showed that there was significant risk of misconduct and misstatements in the grand jury presentation that led to their indictment, and the government should be ordered to respond so the issue can be adjudicated before filing dispositive motions. Accordingly, Don Lemon and Georgia Fort respectfully move this Court for an order setting an expedited briefing schedule on Mr. Lemon and Ms. Fort's pending Grand Jury Motion.[2]

## ARGUMENT

On March 2, 2026, in response to defense counsel's effort to arrange an agreed-to briefing schedule on the pending motion, counsel for the government indicated that "the Government will not be stipulating to any expedited briefing schedules."

Pursuant to District of Minnesota Local Rule 12.1(f), good cause exists to modify the briefing schedule and expedite briefing on Defendants' Grand Jury Motion.

*First*, Mr. Lemon and Ms. Fort would be prejudiced by the Grand Jury Motion being briefed on the same schedule as the dispositive motions. Under Federal Rule of Criminal

---

[2] Because the allegations against Mr. Lemon and Ms. Fort in the superseding indictment are essentially the same as the original indictment, and do not implicate new charges or new conduct against them, Mr. Lemon and Ms. Fort request that the Court treat their pending Motion (ECF 125) as a request for disclosure of the grand jury transcripts related to *both* the original and superseding indictments. *See United States v. Carlson*, 2013 WL 5125434, at *4 n.4 (D. Minn. Sept. 12, 2013).

Procedure 6(e)(3)(E)(ii), a court may order the disclosure of grand jury materials "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Necessarily then, disclosure of grand jury transcripts, if ordered, should be made well before the deadline for Mr. Lemon and Ms. Fort's motion(s) to dismiss.

As explained in the Grand Jury Motion, the extraordinary set of events that led to this indictment (and subsequent superseding indictment) reveals a significant risk that the government misstated key facts or elements of the offenses charged during its presentations to the grand jury, which goes to the very validity of this prosecution. Prosecutors at the highest levels of the Justice Department have publicly and repeatedly made statements about this case that contain misstatements of the law, including incorrect statements about criminal liability for journalists under the FACE Act. *See, e.g.*, ECF 125 at 12–14. If these misstatements are being made publicly by the Justice Department officials tasked with prosecuting this case, there is reason to believe the same misstatements were made before the grand jury. If so, Mr. Lemon and Ms. Fort should have the ability to use the grand jury transcripts to support their dispositive motions.

*Second*, the government would not be prejudiced by an expedited briefing schedule. Under the briefing schedule proposed by Mr. Lemon and Ms. Fort, the government's opposition would be filed within 14 days—over four weeks after the Grand Jury Motion was filed. On February 24, 2026, defense counsel emailed government counsel requesting to meet and confer about the briefing schedule for the Grand Jury Motion and proposing a briefing schedule. On March 2, 2026, government counsel indicated via e-mail that "the

4

Government will not be stipulating to any expedited briefing schedules" and "will be filing our response to all motions by the Court's deadline pursuant to the arraignment order."

But the government's current April 23, 2026 response date (ECF 140) threatens potential and unnecessary delay. Expedited briefing is necessary to allow Mr. Lemon and Ms. Fort to raise—if their Motion is granted—any challenge to the Grand Jury presentations by the dispositive motions deadline. Additionally, in their March 2 e-mail to defense counsel, the government advised that they "will be renewing [their] motion for complex case designation later this week in light of the superseding indictment." Such a motion, considering the 39 defendants now embroiled in this prosecution, threatens to further draw out the government's deadline to respond to any pretrial motions, and prejudices the ability of the journalists charged in this case to have the motion heard quickly. Promptly briefing the Grand Jury Motion will ensure the matter can be expeditiously considered while still ensuring broader pretrial deadlines are met in this case. In addition, as stated during Mr. Lemon's Initial Appearance on February 13, Mr. Lemon's and Ms. Fort's dispositive motions will include those which address the impact of the pending charges on their roles as journalists and the First Amendment. These are especially important issues (e.g., the chilling effect of improper charges being used to stifle media criticism of the Administration) that should not suffer the delay the government desires.

## CONCLUSION

Accordingly, Mr. Lemon and Ms. Fort respectfully move this Court for an order setting an expedited briefing schedule on their pending Joint Motion for Disclosure of Grand Jury Proceedings. Specifically, Mr. Lemon and Ms. Fort request that the Court order

the government's response to the Grand Jury Motion be due within 14 days of the Court deciding this motion, and Mr. Lemon and Ms. Fort's reply, if any, be due within seven days of the government's response.

Dated: March 3, 2026                                    Respectfully submitted,

By: *s/ Matthew S. Ebert*                               By: */s/ Abbe David Lowell*
Matthew S. Ebert                                        Abbe David Lowell (*admitted pro hac vice*)
Leita Walker                                            David A. Kolansky (*admitted pro hac vice*)
Isabella Salomão Nascimento                             Isabella M. Oishi (*admitted pro hac vice*)
BALLARD SPAHR LLP                                       LOWELL & ASSOCIATES, PLLC
2000 IDS Center                                         1250 H Street NW, Suite 250
80 South 8th Street                                     Washington, DC 20005
Minneapolis, MN 55402                                   Tel: 202-964-6110
Tel: (612) 371-3281                                     Fax: 202-964-6116
ebertm@ballardspahr.com                                 ALowellpublicoutreach@lowellandassociates.com
walkerl@ballardspahr.com                                DKolansky@lowellandassociates.com
salomaonascimentoi@ballardspahr.com                     IOishi@lowellandassociates.com

Kevin C. Riach                                          */s/ Joseph H. Thompson*
THE LAW FIRM OF KEVIN C. RIACH,                         Joseph H. Thompson
PLLC                                                    THOMPSON JACOBS PLLC
125 Main St. SE, Suite 339                              220 N. Second Street, Suite 220
Minneapolis, MN 55412                                   Minneapolis, MN 55401
Tel: (612) 203-8555                                     Tel: (612) 416-3322
kevin@riachdefense.com                                  joe@thompsonjacobs.com

*Counsel for Georgia Ellyse Fort*                       *Counsel for Don R. Lemon*