UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 0:26-cr-025-LMP-DLM |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | OPPOSITION TO |
| NEKIMA VALDEZ LEVY- | ) | DEFENDANT'S MOTION TO |
| ARMSTRONG, et al., | ) | PRESERVE ROUGH NOTES |
| | ) | AND RELATED MATERIALS |
| Defendants. | ) | |
| | ) | |

**INTRODUCTION**

The United States, by and through the undersigned attorneys, opposes defendant's motion. Defendant's motion, styled as a request to preserve evidence, is in substance an attempt to obtain premature, sweeping discovery into the government's deliberative process, without satisfying the governing legal standards. The motion rests on speculation, relies on non-binding authority, and seeks categories of information that are overbroad, immaterial, and protected by the work-product doctrine. The Court should deny the motion.

While the United States opposes the motion in its entirety, it responds to limited arguments where defendant claims entitlement to internal notes and records as part of the DOJ's deliberative process in bringing a case to prosecution. He is decidedly not.

## ARGUMENT

### A.  The motion is unnecessary because the government is already obligated to preserve evidence

The Government fully complies with its constitutional and legal obligations to preserve evidence. Defendant identifies no evidence of bad faith, destruction, or risk of loss. Courts routinely reject such speculative preservation motions. As the Supreme Court has explained in the due process context "We therefore hold that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Defendant makes no such showing here.

### B. Defendant is not entitled to attorney work product and deliberative communications.

Defendant's request for communications between the Justice Department officials or employees and third parties is squarely at odds with Rule 16(a)(2). That rule section expressly "does **not** authorize the discovery or inspection of reports, memoranda, *or other internal government documents* made by an attorney for the government or other government agent in connection with investigating or prosecuting a case." F. R. Crim. P. 16(a)(2) (emphasis added).

Demands for "all communications" between DOJ, the White House, and undefined third parties would sweep in privileged and protected materials, including attorney work product and internal deliberative communications. The work-product doctrine protects "the mental processes of the attorney" and preserves a zone of privacy for strategic and legal analysis. United *States v. Nobles*, 422 U.S. 225, 238 (1975). Allowing such discovery would not only invade protected materials but would also chill candid internal deliberations in prosecutions, precisely the type of intrusion courts have consistently declined to permit. *See ibid.* In short, defendant's request runs afoul of federal rules and judicial precedent. Because it violates law and precedent, this Court should reject it.

## C. Defendant's allegation of vindictive prosecution is not an end-run around discovery rules.

To obtain discovery on a claim of vindictive prosecution, a defendant must present "some evidence" of both discriminatory effect and purpose. It is defendants burden to establish vindictiveness, showing either "bad faith or maliciousness." *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004), *see also*, *United States v. Schwalb*, 83 F.3d 1039, 1040 (8th Cir. 1996) (finding that a superseding indictment is not evidence of vindictive prosecution). Instead, the motion relies on a newspaper article and speculation, which is insufficient as a matter of law. To the extent defendant identified a phone call involving

Justice Department Officials, that call is privileged, as stated above, under Rule 16(a)(2). Defendant has produced no evidence of vindictive prosecution. Moreover, defendant cannot use news sources as an end-run around discovery rules based on no material showing of vindictive prosecution.

### D. Defendant's motion identifies no risk of document destruction and seeks to invade the province of the fact finder in baseless allegations.

Besides sweeping requests that violate discovery rules, defendant identifies no specific document, no concrete risk of destruction, and no basis to believe that any requested materials contain exculpatory information. Further, defendant's claim is the ultimate issue to be resolved at trial: did defendant have a constitutional right to conspire to and invade a church in violation of the FACE Act. Defendant cannot resolve the ultimate issue that remains the jurisdiction of the factfinder.

## CONCLUSION

Defendant's motion is not a true preservation request. It seeks to obtain sweeping discovery into government files without satisfying the legal standards required for such relief. Because the motion is speculative, overbroad, meritless, and seeks materials protected by the work-product doctrine, it should be denied in its entirety.

DATED: March 26, 2026

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

HARMEET K. DHILLON
Assistant Attorney General

FLAVIO DE ABREU
JOHN R. ARBOLEDA
Special Assistant United States
Attorneys

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

ORLANDO B. SONZA
Counsel

MEGAN FREDERICK
GRETA GIESEKE
KELSEY E. MCGEE
JOSHUA R. ZUCKERMAN
Attorneys

    */s/ Kelsey E. McGee*
        Kelsey E. McGee
            Civil Rights Division
            U.S. Department of Justice
            950 Pennsylvania Ave. NW
            Washington, DC 20530
            Telephone: (202) 514-3847
            E-Mail: kelsey.mcgee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5