UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br> v.<br><br>4. Don Renaldo Lemon,<br><br>   Defendant. | **DON LEMON'S RESPONSE TO THE GOVERNMENT'S EXPEDITED MOTION FOR A PROTECTIVE ORDER GOVERNING DISCOVERY**<br><br>Case No. 26-cr-025 (LMP/DLM) |

Defendant Don Renaldo Lemon, through counsel, respectfully files this response to the Government's Expedited Motion for a Protective Order Governing Discovery in this case (the "Motion"). Dkt. #495. The Motion did not accurately set out Mr. Lemon's position, which we do now. Mr. Lemon does not take issue with a tailored and reasonable Protective Order in this case, and does not object to the government's current proposal (Dkt. #495-1), *with one exception*: sub-paragraph 1(a) ("Identity of victims and witnesses"), which requires that any court filing that contains the name of any witness be redacted or filed under seal. For the reasons set forth below, this provision is overbroad and Mr. Lemon respectfully asks the Court to strike or otherwise revise this sub-paragraph of the proposed protective order.

## I. Background

On March 31, 2026, the government advised of its intent to move for a protective order in this case because "[t]he discovery materials will contain sensitive information, including personal identifying information of witnesses, including minors," Ex. A at 8, and provided a draft proposed order to Mr. Lemon. Counsel for the government and Mr. Lemon met and conferred on April 7, 2026 to discuss, among other topics, the proposed protective order. During that call, Mr. Lemon laid out various issues and deficiencies with the government's proposal and explained it would

1

respond with a mark-up. The government reiterated later that day that "[t]he discovery will include sensitive information of over 100 witnesses (including children), such as documents and medical records containing personal identifiable information," which warrant a broad protective order here. Ex. A at 7. On April 8, 2026, the government e-mailed Mr. Lemon a revised protective order, which clarified the definition of "Protected Materials," before defense counsel had a chance to return its original mark-up (which, among other things, addressed that same deficiency). *Id.*

On April 9, 2026, Mr. Lemon returned a mark-up of the government's proposed order, which, if adopted, would "fully protect[] the identities and interests [the government is] seeking to protect, while still complying with the law and not sealing discovery more than necessary." Ex. A at 5. On April 15, 2026, the government e-mailed Mr. Lemon a revised proposal. *Id.* at 4. That same day, Mr. Lemon replied indicating his willingness to agree to the government's proposal as drafted, but with one exception: "[w]e do not believe there is good cause for a blanket provision requiring the redaction of all names/identities 'of victims and witnesses' in public filings, which reaches far beyond the requirements and spirit of Fed. R. Crim. P. 49.1." *Id.* Counsel asked the government what it believes is the legal basis to qualify the "Identit[ies] of victims and witnesses" as Protected Material in ¶ 1(a), other than minor children (which is explicitly carved out in ¶ 1(c)). *Id.* In response, the government indicated that Rule 49.1 "does not limit the Court's authority under Rule 16(d) to impose broader protections through a protective order where circumstances warrant" and suggested that courts in this District (without any support) have authorized protection of witness identities "to mitigate risks of harassment, intimidation, or retaliation." *Id.* at 3.

On April 16, the government followed up seeking Mr. Lemon's position and any specific provisions he objects to in the proposal. That same day, Mr. Lemon reiterated that he only objects to, and proposes striking, sub-paragraph 1(a) requiring redaction of all names/identities "of victims and witnesses" in any public filing, and noted that while Rule 16(d) does permit a court to

implement broader protections where circumstances warrant, such applies only where *good cause* has been shown. *Id.* Here, the government has not demonstrated good cause sufficient to redact names of *all* victims and witnesses in public court filings, which is also inconsistent with the nature of a public proceeding and not narrowly tailored. Mr. Lemon even offered that if there was a particular reason for a specific person or identity to be redacted (and we have already agreed to protect/redact identities of any minors), the parties could confer, and if there is no agreement, seek a decision from the Court. But Mr. Lemon does not believe that the Court should issue a protective order stating that the parties may never publicly name any witness in any court filing related to this case.

## II.    Applying this Circuit's typical balancing test, the Court should not adopt a broader-than-necessary protective order that requires redacting the names of all victims and witnesses in this case.

Mr. Lemon respectfully requests that the Court strike sub-paragraph 1(a) of the proposed Protective Order, which would require the parties to redact any witness names from any court filing and/or seal any filing containing any witness names. In the government's own words, this could entail "over 100 witnesses." Ex. A at 7. This provision is overbroad and not narrowly tailored to specific concerns.

In determining whether to issue a protective order, courts apply a "balancing test" to determine whether good cause exists, weighing the moving party's potential burden against the opposing party's interest in the discovery at issue. *Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. 2021). The moving party must identify specific categories of information, specific types of harm, and specific reasons why the protective order is warranted as to each. The moving party may not rely on conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. *Brosdahl–Nielsen v. Walden Auto. Grp., Inc.*, No. 04-cv-1363 (JMR/JSM), 2004 WL 6040018, at *2 (D. Minn. Nov. 24. 2004).

3

Here, Mr. Lemon (and 33 other defendants) has already agreed to protect several "sensitive" categories of personally identifiable information (PII) that the government has identified exist in its discovery, including specifically, the PII "of any victims or witness including: telephone numbers, social security numbers, residential addresses, workplace names, workplace addresses, school names, school addresses, social media accounts, medical information, [and] dates of birth," as well as "the identity of any minor child." Dkt. #495-1 ¶¶ 1(b)-(c). Mr. Lemon has no quarrel with the government's requests in that regard and has agreed to broad protections for witness and victim identifying information to mitigate potential harm.

But there is no basis to issue a blanket protective order forcing the parties to redact any witness names from any court filings related to this case or, alternatively, file any such documents under seal. This is a public case. Mr. Lemon should not be forced to litigate the case under seal or redact the names of any individual witnesses from court filings absent some specific cause. The government notes that it has interviewed some minors during its investigation, and the parties have agreed that the names of any minors should be redacted or sealed. But the government fails to mention that other witnesses have spoken publicly. The pastor of Cities Church has been interviewed multiple times on national cable news outlets.[1] At least one church congregant has filed a civil lawsuit against Mr. Lemon and others based on the events at issue in this case.[2]

---

[1]  *See* Meg Storm, *Pastor Jonathan Parnell Speaks Out About Confrontation With Don Lemon And Agitators At His Minnesota Church*, The Megyn Kelly Show (Mar. 5, 2026), https://www.megynkelly.com/2026/03/05/pastor-jonathan-parnell-tells-megyn-kelly-about-incident-involving-don-lemon-anti-ice-agitators/; *Christian leaders urge worshippers' rights after protesters interrupt service*, Politico (Jan. 19, 2026), https://www.politico.com/news/2026/01/19/christian-leaders-urge-worshippers-rights-after-protesters-interrupt-service-00735905.

[2]  Isabel Yip, *Church congregant sues alleged Minnesota church protesters*, NBC News (Feb. 26, 2026), https://www.nbcnews.com/news/us-news/church-congregant-filed-lawsuit-alleged-minnesota-church-protesters-rcna260788.

Meanwhile, as noted in previous filings, the government has chosen repeatedly to litigate this case in the press and to publicly castigate and demean Mr. Lemon in the press and on social media.

Second, redacting the names/identities of *all* victims and witnesses in public filings would deny public access in dispositive pretrial motions, and reaches far beyond the requirements and text of Federal Rule of Criminal Procedure 49.1 governing PII, which directs no such thing. *See* Fed R. Crim. P. 49.1(a) (listing five categories of information requiring privacy protection in public filings, none of which are witness or victim identities). The government has charged this case in the most public way possible, and the public has a legitimate interest in the proceedings and outcome.

Third and finally, the carve-out provisions in sub-paragraphs 1(b) and 1(c), which to be clear, apply with equal force to *any* witness or victim in this case, are sufficient to address the privacy risks and concerns the government has raised, as well as the interests of any minors. Specifically, by agreeing to protect the information set forth in sub-paragraph 1(b)—which, as is, also goes beyond the requirements of Rule 49.1—Mr. Lemon and the other defendants have taken added precautions to protect witnesses against and mitigate threats of doxxing, online harassment, or other forms of intimidation for witnesses and victims, as the government claims. *See* Ex. A at 3; *see also Sherman v. Sheffield Fin., LLC*, 338 F.R.D. 247, 252 (D. Minn. 2021) (party moving for a protective order "cannot rely on broad or conclusory allegations of harm") (citations omitted). But to broadly and categorically require the sealing/redaction of any victim and witness identity or name (except for minors), without further specificity, goes far beyond any defendant's obligations in a criminal case, and would impose needless and burdensome redactions throughout otherwise public filings and proceedings, forcing this case to be unnecessarily litigated under seal. As Mr. Lemon has previously indicated to the government, if there is a particular reason for a specific person or identity to be redacted, we believe the parties can confer and if no agreement

5

can be reached, seek a decision from the Court.  To impose a blanket restriction in this case, though, goes well beyond the protective orders imposed in hundreds, if not thousands, of criminal cases before this one.

## III.   Conclusion

For the reasons set forth herein, Mr. Lemon respectfully requests that the Court strike or otherwise revise sub-paragraph 1(a) of the proposed protective order.

Dated: April 20, 2026                           Respectfully submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell (*admitted pro hac vice*)
David A. Kolansky (*admitted pro hac vice*)
Isabella M. Oishi (*admitted pro hac vice*)
LOWELL & ASSOCIATES, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Tel: 202-964-6110
Fax: 202-964-6116
ALowellpublicoutreach@lowellandassociates.com
DKolansky@lowellandassociates.com
IOishi@lowellandassociates.com

/s/ *Joseph H. Thompson*
Joseph H. Thompson
THOMPSON JACOBS PLLC
222 N. Second Street, Suite 220
Minneapolis, MN 55401
Tel: (612) 416-3322
joe@thompsonjacobs.com

*Counsel for Don R. Lemon*