UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 0:26-cr-025-LMP-DLM |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S REQUEST |
| | ) | FOR CLARIFICATION |
| v. | ) | AND/OR RECONSIDERATION |
| | ) | RE. COURT'S GRANTING OF |
| NEKIMA VALDEZ LEVY- | ) | PROTECTIVE ORDER |
| ARMSTRONG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The United States requests clarification of the Court's Protective Order, entered on April 22, 2026 (Dkt. 503). The Court granted the Government's motion for protective order in part. The Government hereby requests clarification and/or reconsideration on the following:

1.  Whether the names of adult victims and witnesses are covered under the Protected Material definition of "personal identifying information" (PII), and, if not, the Government asks that they be included in the definition; and

2.  Whether the Court adopted the United States' Certification form (Attachment "A"), which is referenced in the order but not attached to the Court's signed and filed copy.

## DEFINITION OF PROTECTED MATERIAL

As the United States indicated in its motion for protective order, this case originated because the defendants obtained the name of an ICE officer and then improperly targeted him and his fellow congregants for harassment and intimidation after linking him to the victim church. As a result, the Government's concern regarding the safety and privacy interests of victims and other witnesses is not hypothetical.

As to the victims in particular, the Government's concern is based firmly on the Crime Victims' Rights Act, 18 U.S.C. § 3771(a), which provides victims with the "[t]he right to be *reasonably protected* from the accused" and "[t]he right to be treated with fairness and with *respect for the victim's dignity and privacy*." *Id.* § 3771(a)(1),(8) (emphases added). Under the CVRA, the Government believes it is necessary and appropriate for the Court's order to protect their names from public disclosure.

Other witnesses deserve similar protection. Indeed, the Court's Protective Order provides that any witness list that the Government may provide to defense counsel must be filed under seal if presented to the Court by any party. (Order ¶ 14.) To be consistent and provide necessary protection to victims and witnesses alike, the Protective Order should make clear that the names of any victims and witnesses produced by the Government in discovery in an unredacted form (if any), or on a witness list, are included under the

2

Protected Material definition of "personal identifying information" (PII) in Paragraph 1(a) and thus subject to protection under the Protective Order.

There is no more personally identifiable information than an individual's name.[1] Moreover, if the names of victims and witnesses are disclosed publicly or to any unauthorized third parties, other personal identifying information, like that mentioned in the Court's Protective Order such as telephone numbers, residential addresses, etc., could be obtained via internet searches, raising the potential for victim and witness harassment and/or targeting. Therefore, the Government requests clarification and/or reconsideration from the Court that the term "personal identifying information" found in Paragraph 1(a) of the Protective Order includes the names of any victims or witnesses.

## <u>THE CERTIFICATION FORM</u>

In its signed and filed Protective Order, the Court did not attach a copy of the Certification form, which the Government had included as an "Attachment A" to the proposed order. Paragraph 8 of the Court's Protective

---

[1] *See* 18 U.S.C. 1028(d)(7) (the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual[.]); *See also Guidance on the Protection of Personally Identifiable Information (PII)*, https://tinyurl.com/yc32h4y9, (last visited April 23, 2026) (Personally Identifiable Information (PII) is defined as: Information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual.).

Order refers to the certification form as "Attachment A" and requires its use, but the filed copy of the Protective Order does not include that attachment.

The Government requests clarification on whether the Court adopted the Government's certification of adherence to the court's Protective Order. For the court's convenience, the proposed Attachment A is attached to this filing.

The Government is still prepared to produce discovery on Friday, April 24, 2026, in accordance with the Court's last scheduling order.

DATED: April 23, 2026.

DANIEL N. ROSEN
United States Attorney

FLAVIO DE ABREU
Special Assistant United States
Attorney

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General

ROBERT J. KEENAN
Acting Deputy Assistant Attorney
General

ORLANDO B. SONZA
Counsel

    _/s/ Orlando B. Sonza_
Counsel
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 514-3847
E-Mail: orlando.sonza2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4

## ATTACHMENT A: CERTIFICATION

By signing below, I, _____,

(please type or print legibly), hereby certify that I have read this Protective

Order and agree to be bound by its terms.


_____                    _____

Date                                   Signature